## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD SPRANKLE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 19-1540 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | |
| ROBERT GILMORE, THE DISTRICT | ) | |
| ATTORNEY OF THE COUNTY OF | ) | |
| JEFFERSON, and THE ATTORNEY | ) | Re:  ECF No. 9 |
| GENERAL OF THE STATE OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |


## OPINION AND ORDER

On September 4, 2013, Donald Sprankle ("Petitioner") pleaded guilty, pursuant to a negotiated plea bargain, to two counts each of Aggravated Indecent Assault and Corruption of Minors in connection with his criminal actions against a minor which he had perpetrated in 2006 to 2007. ECF No. 9-13 at 1 – 2; ECF No. 9-3 at 1 – 21.   On January 3, 2014, Petitioner was sentenced to two consecutive terms of 5 to 10 years of incarceration for his Aggravated Indecent Assault convictions, and to two additional consecutive sentences of 1 day to 5 years of incarceration for his Corruption of Minors convictions. This resulted in an aggregate sentence of 10 years and 2 days to 30 years of incarceration.   ECF No. 9-13 at 2.   The sentencing court also determined that Petitioner was a Sexually Violent Predator under Pennsylvania law and required him to comply with the lifetime registration and reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA").   Id.   Waiting more than five years after his conviction became final, Petitioner initiated the current proceedings by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition").   ECF No.

1.   Because both of Petitioner's claims are time-barred, Respondents' Motion to Dismiss, ECF No. 9, will be granted and the Petition will be dismissed.   Alternatively, both of Petitioner's claims are procedurally defaulted and should be dismissed.

## I.   RELEVANT PROCEDURAL HISTORY[1]

### A.   State Court

The Court takes the following state court history from the Pennsylvania Superior Court's January 29, 2019 opinion disposing of Petitioner's appeal concerning his Second Post Conviction Relief Act ("PCRA") Petition.

> On July 12, 2013, the Commonwealth charged Appellant with 25 counts each of Indecent Assault—Person Less than 13, Corruption of Minors, and Aggravated Indecent Assault of a Child, a first-degree felony, arising from crimes Appellant committed in 2006 and 2007. On September 4, 2013, Appellant entered a negotiated guilty plea to 2 counts each of Aggravated Indecent Assault, a second-degree felony, and Corruption of Minors.[2]
>
> --------------------
> [2] 18 Pa. C.S. §§ 3125(a)(7) and 6301(a)(1)(ii), respectively. Appellant's sentencing order, however, incorrectly identified the subsection and grading of Appellant's Aggravated Indecent Assault conviction as 18 Pa.C.S. § 3125(b), a first-degree felony.  Recognizing this error, on October 28, 2016, the trial court entered an Order correcting Appellant's sentences to reflect that he had pleaded guilty to Aggravated Indecent Assault, 18 Pa.C.S.  § 3125(a)(7), a second degree felony.
>
> On January 3, 2014, the court sentenced Appellant to two consecutive terms of 5 to 10 years' incarceration for his Aggravated Indecent Assault convictions, and to two additional consecutive sentences of 1 day to 5 years' incarceration for his Corruption of Minors convictions. Thus, Appellant's aggregate sentence was 10 years' and 2 days' to 30 years' incarceration.

---

[1] Because Petitioner's conviction was obtained by a negotiated plea, there is no recounting of the factual background concerning Petitioner's criminal actions in the record before this Court. The facts of the crimes though are not relevant to the disposition of the instant Petition.

The court also determined that Appellant is a Sexually Violent Predator. Additionally, Appellant's conviction of Aggravated Indecent Assault classified him as a Tier III sexual offender, and required him to comply with the lifetime registration and reporting requirements of the Sexual Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S. §§ 9799.14(d); 9799.15(a)(3). Appellant did not file a Post-Sentence Motion or a direct appeal from his Judgment of Sentence. His sentence, thus, became final 30 days later, on February 3, 2014.

On July 20, 2016, Appellant filed a pro se PCRA Petition in which he claimed that his plea counsel, John Ingros, Esquire, had rendered ineffective assistance and that he is serving an illegal mandatory minimum sentence pursuant to ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016).

The PCRA court appointed counsel who, on July 29, 2016, filed a Petition to Withdraw as Counsel as well as a ***Turner/Finley*** "no-merit" letter. On August 1, 2016, the PCRA court advised Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907.

That same day, the court permitted counsel to withdraw, and on August 25, 2016, it dismissed Appellant's PCRA Petition as untimely. Appellant timely appealed, but on January 30, 2017, this Court dismissed Appellant's appeal for failure to file a brief. ***See Commonwealth v. Sprankle***, No. 1505 WDA 2016 (Pa. Super. filed Jan. 30, 2017).

On June 2, 2017, Appellant filed with the PCRA court a "Letter in Application for 'Application to Reinstate Appeal.'" In this "Letter," Appellant requested that the PCRA court reinstate his appeal rights *nunc pro tunc*. The PCRA court denied this request on June 8, 2017.

On September 22, 2017, Appellant filed pro se the instant PCRA Petition. In this Petition, Appellant reiterated his claim that he is serving an illegal mandatory minimum sentence pursuant to ***Wolfe***, and asserted that the requirement that he register as a sex offender for his lifetime is unconstitutional pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). In an effort to overcome the PCRA's jurisdictional time-bar, Appellant averred that his petition was timely pursuant to 42 Pa.C.S. § 9545(b)(1)(iii) ("[T]he right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.").

On October 12, 2017, the PCRA court advised Appellant of its intent to dismiss his Petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 6, 2017, Appellant filed a Response to the court's Rule 907 Notice, baldly restating his claim that he is entitled to relief pursuant to ***Wolfe*** and ***Muniz***.

On November 16, 2017, the PCRA court dismissed Appellant's Petition as untimely and meritless. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

> 1. Did the lower court err by denying PCRA relief from the SORNA registration ruled unconstitutional by [the] Supreme Court of Pennsylvania?
>
> 2. Did the lower court err by denying PCRA relief from the illegal mandatory minimum sentence imposed on the Appellant?

Appellant's Brief at 7.

Com. v. Sprankle, No. 1910 WDA 2017, at 2 – 5 (Pa. Super. Jan. 29, 2019) (some footnotes omitted), ECF No. 9-13 at 2 - 5.  The Superior Court found the that the PCRA Petition was untimely by more than three years and affirmed the denial of relief. Id. at 5 – 8.  Petitioner then filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court thereafter, ECF No. 9-14 at 1 – 38, which was denied on September 16, 2019. ECF No. 9-15.

**B. Federal Court**

On November 29, 2019, the Clerk's Office docketed the pro se Petition which was accompanied by the filing fee.   Petitioner signed the Petition on November 24, 2019.   ECF No. 1.   In the Petition, Petitioner raised two grounds for relief,

> **GROUND ONE:** The court imposed a mandatory minimum sentence on defendant which was ruled unconstitutional prior to acceptance of the plea.

Id. at 5.

> **GROUND TWO:** Sorna Registration imposed upon sentencing was ruled unconstitutional.

Id. at 7.

4

The Petition was served, and the District Attorney of Jefferson County entered his appearance on behalf of the Respondents because Petitioner's conviction arose out of the Court of Common Pleas of Jefferson County.   After being granted an extension of time, ECF Nos. 5, 7, Respondents filed a Motion to Dismiss pursuant to Local Civil Rule 2254 E.1.a.[2]   In the instant Motion to Dismiss, Respondents pointed out that the Petition was untimely filed and also procedurally defaulted because Petitioner failed to file a direct appeal in addition to the fact that both his PCRA petitions were found by the state courts to be untimely filed.

On February 27, 2020, the Court ordered Petitioner to file a response to the Motion to Dismiss by March 30, 2020. ECF No. 10.   Petitioner then filed three motions for extension of time, ECF Nos. 11, 16, and 19.   The Court granted two of the motions, ECF Nos. 12, 17, but the last motion, ECF No. 19, the Court granted in part and denied in part and gave Petitioner only until August 27, 2020 to file his response and directed that no further extensions would be granted. ECF No. 20.   On August 26, 2020, Petitioner filed his Response to the Motion to Dismiss.   ECF No. 21.

All parties have consented to the exercise of plenary jurisdiction of the United States Magistrate Judge.   ECF Nos. 14, 18.

## II.   APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in

---

[2] L.Cv.R. 2254 E.1.a. provides in relevant part that "The Respondent may, within the time frame permitted by the Court for the filing of the Answer, file a motion to dismiss if the respondent believes that there is a clear procedural bar to the action, such as the failure to exhaust, statute of limitations, abuse of the writ, and/or successive petitions."

federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996.   Because

Petitioner's Petition was filed after its effective date, AEDPA is applicable to this case.   <u>Werts v.</u>

<u>Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000).

Respondents pointed out in their Motion to Dismiss that this Petition is untimely under the

AEDPA.   The AEDPA generally requires that state prisoners file their federal habeas petition

within one year after their conviction became final.   Specifically, the AEDPA provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for
> a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court.   The limitation period shall run from the
> latest of—
>
>     (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;
>     (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing
> by such State action;
>     (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been
> newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
>     (2) The time during which a properly filed application for State
> post- conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A respondent to a habeas petition has the burden of affirmatively pleading the AEDPA's

statute of limitations.   <u>Hill v. Braxton</u>, 277 F.3d 701, 705 (4th Cir. 2002).   However, it is

appropriate -where the habeas petitioner has been put on notice of a statute of limitations defense-

6

to place some burden on him or her to show why the petition is not untimely. See, e.g., Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and opportunity to respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of limitations, petitioner has the burden of providing an adequate response"), *abrogation on other grounds recognized in*, Moreno v. Harrison, 245 F. App'x 606 (9th Cir. 2007).   See also Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002)("The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

The statute of limitations is analyzed on a claim by claim basis.   Fielder v. Varner, 379 F.3d 113, 119 (3d Cir. 2004).

## III.   DISCUSSION

### A.   The Petition was filed beyond one year after Petitioner's conviction became final.

Petitioner's conviction became final 30 days after January 3, 2014, (i.e., the date on which he was sentenced) because he did not file a direct appeal thereafter. Supples v. Kerestes, CIV. A. 08-1275, 2010 WL 324431, at *8 (W.D. Pa. Jan. 21, 2010) ("Because Petitioner filed no post sentence motion and took no appeal from the judgment of sentence, Petitioner's conviction on No. 99-122 became final 30 days after the imposition of sentence, i.e., 30 days after July 20, 1999, which is August 19, 1999.") (citing Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999); and Woolfolk v. Mechling, No. Civ.A. 02-7211, 2003 WL 22837608, *4 (E.D. Pa. Nov. 25, 2003)).

In counting this 30-day time period, the Court follows Federal Rule of Civil Procedure 6,[3] and concludes that Petitioner's conviction became final on Monday, February 3, 2014.[4] Hence, the AEDPA's one year[5] statute of limitations began to run from February 3, 2014 and continued to run until it ran out on February 3, 2015.

While it is true that Petitioner filed his first PCRA Petition in state court, he did not do so until July 20, 2016, some 898 days after his conviction had become final for purposes of the Pennsylvania PCRA state law statute of limitations, ECF No. 9 ¶ 11, as well as for purposes of the AEDPA statute of limitations.  The PCRA trial court appointed counsel who filed a no-merit letter, and noted therein that the First PCRA Petition was untimely filed. ECF No. 9-8. The PCRA trial court agreed and dismissed the First PCRA Petition as time-barred.  ECF No. 9-9.

---

[3]   Fed. R. Civ. P. 6 provides in relevant part that

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>     **(1)** ***Period Stated in Days or a Longer Unit.*** When the period is stated in days or a longer unit of time:
>         **(A)** exclude the day of the event that triggers the period;
>         **(B)** count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>         **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

[4]  Although 30 days after January 3, 2014 is February 2, 2014, because that day fell on a Sunday, the period ran until the following Monday pursuant to Fed. R. Civ. P. 6(a)(1)(C).

[5]  For purposes of the AEDPA's one-year statute of limitations, a "year" means 365 days.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001); Stokes v. Miller, 216 F.Supp.2d 169 (S.D.N.Y. 2000).

Petitioner did appeal to the Pennsylvania Superior Court, but the appeal was dismissed due to Petitioner's failure to file a brief. ECF No. 9 ¶ 15.   While Petitioner did file an Application to Reinstate the Appeal, that application was denied.   Id. n.5.

The Court notes that while a properly filed PCRA Petition can statutorily toll the AEDPA statute of limitations, the filing of a PCRA Petition cannot revive the AEDPA statute of limitations if the AEDPA statute of limitations had already run out, as it had here when Petitioner filed his First PCRA Petition.   Cordle v. Guarino, 428 F.3d 46,48 n. 4 (1st Cir. 2005) ("Under 28 U.S.C. § 2244(d)(2), 'the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted' toward the one-year limitations period. However, Cordle's motion for a new trial was not filed until November 11, 2000, several years after her AEDPA limitations period had already expired. 'Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired.'"); Supples v. Kerestes, 2010 WL 324431, at *9 ("while a properly filed PCRA petition can toll the running of AEDPA's statute of limitations, the proper filing of a PCRA petition cannot revive AEDPA's statute of limitations once it has already run").[6]

---

[6] It is important to note that the trial court's order, entered on October 28, 2016, (which corrected the clerical error in Petitioner's original sentence by reflecting the fact that Petitioner had pleaded guilty to a second degree felony and not a first degree felony as wrongly stated in the January 3, 2014 sentencing order), did not reset the date of Petitioner's conviction becoming final for AEDPA statute of limitations purposes. Crangle v. Kelly, 838 F.3d 673, 680 (6th Cir. 2016) ("If the November 2010 *nunc pro tunc* order merely corrected a record to accurately reflect the court's actions, it would not be a new sentence that resets the statute of limitations under § 2244(d)(1)(A)."); Willard v. Sec., Fla. Dept of Corrections, 3:19CV124-LC-HTC, 2020 WL 3259187, at *5 (N.D. Fla. May 11, 2020), ("Although the state court granted two additional 3.800 motions, neither the June 2013 nor July 2015 amended judgments, however, re-started the AEDPA
(footnote continued . . .)

Even though Petitioner filed a Second PCRA Petition on September 22, 2017, the PCRA court denied the Second PCRA Petition on November 16, 2017, ECF No. 9-12, and the Superior Court affirmed the dismissal on January 29, 2019, holding that the Second PCRA Petition was untimely filed under the PCRA statute of limitations.   ECF No. 9-13 at 1 – 8.

Because Petitioner did not file the Petition in this Court, until, at the earliest November 24, 2019, the date on which he signed the Petition, the Petition is untimely filed by more than five years as calculated from February 3, 2014, i.e., the date that his conviction became final.

**B.      Petitioner fails to carry his burden to show other starting dates for the running of the AEDPA statute of limitations.**

Absent Petitioner establishing a different starting date or establishing equitable tolling, Petitioner has violated the AEDPA statute of limitations and his Petition is time-barred.

### 1.   Petitioner fails to show Ground One was timely filed.

#### a.   Section 2244(d)(1)(C) does not render the Petition timely.

In his Response to the Motion to Dismiss, Petitioner does not point to any specific starting point under AEDPA.   However, he does cite <u>Alleyne v, U.S.</u>, 570 U.S. 99 (2013) for the proposition that mandatory minimum sentencing violates his rights under <u>Alleyne</u>. Under Ground One of the Petition, Petitioner asserts that he was sentenced to mandatory minimum sentences in

---

clock because neither amended judgments altered Petitioner's sentence, but rather merely corrected clerical errors in the judgment."), *report and recommendation adopted*, 2020 WL 3259175 (N.D. Fla. June 16, 2020).

   Moreover, even if the Court calculated the AEDPA statute of limitations from October 28, 2016, Petitioner's Petition herein would still be untimely filed. As Petitioner filed no appeal from the October 28, 2016 order, it became final 30 days later, i.e, on November 27, 2016.   And Petitioner did not file the instant Petition in this Court until November 24, 2019, nearly two years later.

violation of <u>Alleyne</u>, which was decided on June 17, 2013 some six months before Petitioner was sentenced and seven months before his sentence became final.   This invocation of <u>Alleyne</u> could be construed as an attempt to invoke Section 2244(d)(1)(C), <u>i.e.</u>, counting from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"   However, it does not help Petitioner because the date of his conviction becoming final, <u>i.e.</u>, February 3, 2014, occurred later than the date that <u>Alleyne</u> was announced and the AEDPA statute of limitations is to be counted from the later date. 28 U.S.C. § 2244(d)(1) ("A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the **latest** of …."). [7]

### b.   <u>Alleyne</u> does not help Petitioner.

Petitioner's reference to <u>Alleyne</u> is of no use to him.   The Supreme Court decision in <u>Alleyne</u> is premised on the Sixth Amendment right to a jury having to find all facts necessary to impose a minimum sentence. <u>Alleyne</u>, 570 U.S. at 103 ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").   Where a criminal defendant waives the right to a jury trial by pleading guilty, the Sixth Amendment jury right rationale of <u>Alleyne</u> is wholly inapplicable. <u>See</u>, <u>e.g.</u>, <u>Brown v. U.S.</u>, 13-5392 (RBK), 2016 WL 4059652, at *5 (D.N.J. July 27, 2016) wherein the Court cogently explained:

---

[7] This same reasoning would apply equally if the Court were to count Petitioner's conviction becoming final as of November 27, 2016, counting from the October 28, 2016 order of the trial court correcting the clerical error of referring to a felony one as opposed to a felony two.

11

Petitioner attempts to rely on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), for the proposition that he could be sentenced for intending to possess more than five kilograms of cocaine without a jurying finding so. This argument is legally incorrect. *Alleyne* addressed a situation where that defendant did not plead guilty. Mr. Alleyne maintained his "not guilty" plea and proceeded to jury trial, thus preserving his constitutional rights to have a jury determine whether the elements of the offense were proven beyond a reasonable doubt. *See Garba v. United States*, No. 10-4445 (MLC), 2014 WL 326099, at *3 (D.N.J. Jan. 29, 2014) (citing *Alleyne*, 133 S. Ct. at 2155). Additionally, it is clear from the *Blakely v. Washington*, 542 U.S. 296, 303 (2004), and *United States v. Booker*, 543 U.S. 220, 244 (2005), line of cases and their progeny that if a defendant pleads guilty to the indictment, the elements of the charged offense have been established by his own testimony. *Id.*

Therefore, the Court concludes that Petitioner's sentence, which falls within the applicable guideline range, is proper under *Alleyne* and that Petitioner's guilty plea sufficed to prove the elements of the indictment.

Id. at *5.   Accord United States v. Yancy, 725 F.3d 596, 601 (6th Cir. 2013) ("Because *Alleyne* did not involve the effect of a defendant's admission [in a guilty plea] of the facts necessary for an aggravated crime, it leaves undisturbed our cases deeming such admissions fatal to *Apprendi* claims.");   U.S. v. Raglin, 5:15-CR-22, 2018 WL 7286510, at *4 (E.D. Ky. Apr. 24, 2018) ("Additionally, *Alleyne* is simply inapplicable in the guilty plea context (where Raglin finds himself)."), *report and recommendation adopted*, 2019 WL 527514 (E.D. Ky. Feb. 11, 2019), *certificate of appealability denied*, 19-5260, 2019 WL 4415212 (6th Cir. Sept. 6, 2019).

### c.  Petitioner is not entitled to equitable tolling for Ground One.

Petitioner also argues ignorance of the existence of Alleyne, seemingly as a basis to excuse his untimely filing.  ECF No. 21 at 2. ("A direct appeal was not filed in this case due to the knowledge of the Alleyne decision was unknown. In this case, the unknown information cannot be held against the Petitioner…")  The Court deems this to be an argument for equitable tolling. However, ignorance of the law does not justify equitable tolling.  Brown v. Kerestes, CIV.A. 08-

1643, 2008 WL 4570562, at *4 (E.D. Pa. Oct. 9, 2008) ("Ignorance of the law, even for an incarcerated pro se prisoner who is a Jamaican national does not, without more, constitute an extraordinary circumstance, justifying equitable tolling.") (citing inter alia, <u>Jones v. Morton</u>, 195 F.3d 153, 160 (3d Cir. 1999) (petitioner's "misunderstanding ... is insufficient to excuse his failure to comply with the statute of limitations"); <u>School District of Allentown v. Marshall</u>, 657 F.2d 16, 21 (3d Cir. 1981) ("ignorance of the law is not enough to invoke equitable tolling")).

### 2.   Petitioner fails to show that Ground Two was timely filed.

In Ground Two, Petitioner raises the claim that requiring him to register under SORNA violated his constitutional rights because SORNA was declared unconstitutional by the Pennsylvania Supreme Court in <u>Commonwealth v. Muniz</u>, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality). The Court notes that <u>Muniz</u> was decided on July 19, 2017.  Petitioner does not explicitly cite any portion of AEDPA statute of limitations provision with respect to Ground Two. Accordingly, for this reason alone, he cannot carry his burden to show that the AEDPA statute of limitations should start from a point other than when his conviction became final.

However, even if the Court were to liberally construe Petitioner's citation of <u>Muniz</u> to assert that <u>Muniz</u> constituted a factual predicate of his claim in Ground Two and he is invoking Subsection (d)(1)(D) which counts the starting point from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," the Petition is still untimely. As noted, <u>Muniz</u> was decided on July 19, 2017, but Petitioner did not file the instant Petition in this Court until at the earliest November 24, 2019, more than two years later, which is facially untimely.

It is true that a properly filed PCRA Petition can statutorily toll AEDPA's statute of limitations.   However, because the Superior Court held that Petitioner's Second PCRA Petition, was untimely filed, the Second PCRA Petition cannot count as being "properly filed" for purposes of AEDPA.   <u>Gale v. Vaughn</u>, 83 F. App'x 472, 475–76 (3d Cir. 2003) ("Merritt, like Gale, filed two unsuccessful PCRA petitions. Although there was no dispute that Merritt's first PCRA tolled AEDPA's one-year statute of limitations, Merritt argued that even if his second PCRA petition were untimely it was still 'properly filed' because the PCRA contained statutory exceptions to the time limit for filing. The state courts determined that Merritt did not properly allege or prove that he fell within any of the statutory exceptions to the timeliness rules. The federal District Court then denied Merritt's habeas petition as time-barred, reasoning that because the state courts found Merritt's second PCRA petition to be untimely it was not 'properly filed' and did not toll the statute of limitations under AEDPA.").   Hence, Petitioner's second PCRA Petition cannot statutorily toll the AEDPA statute of limitations.

Accordingly, unless Petitioner can establish entitlement to equitable tolling, Ground Two is also time-barred.

### a.   Petitioner is not entitled to equitable tolling for Ground Two.

Petitioner does not even appear to argue for equitable tolling.   As previously explained by this Court, a "habeas petitioner seeking to invoke the doctrine of equitable tolling must establish two things: 1) the existence of 'extraordinary circumstances' which prevented him from filing in a timely manner and 2) that he acted with reasonable diligence."   <u>Dela Cerna v. Zappale</u>, 14-1472, 2015 WL 541253, at *3 (W.D. Pa. Feb. 10, 2015) (citing <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999); <u>Lacava v. Kyler</u>, 398 F.3d 271, 275–76 (3d Cir. 2005)).   Here, Petitioner

fails to assert either prong of equitable tolling.   Indeed, the Court finds that Petitioner cannot establish any extraordinary circumstances that prevented him from filing his claim based on <u>Muniz</u> in a timely manner in this Court.   There is nothing which prevented him from filing a timely "placeholder" or "protective" habeas petition in this Court before November 24, 2019, given that he was able to file his Second PCRA Petition in state court based on <u>Muniz</u> as early as September 19, 2017.   ECF No. 9-13 at 7 ("Appellant hand-dated the instant PCRA Petition on September 19, 2017, a day after the 60-day [PCRA limitations] period expired.").   Accordingly, Petitioner has failed to establish any basis for equitable tolling.

### C.   Petitioner procedurally defaulted both of his grounds for relief.

Respondents also seek dismissal of the Petition on the basis that Petitioner procedurally defaulted his two grounds for relief.    ECF No. 9 ¶ 3.   The Court agrees.   In his Response to the Motion to Dismiss, Petitioner does not appear to specifically address Respondents' invocation of the federal doctrine of procedural default.

Upon review, the Court finds that Petitioner's failure to file a direct appeal, caused him to have procedurally defaulted all claims he could have raised in that direct appeal.   In addition, his failure to file timely PCRA petitions also caused him to have procedurally defaulted all claims he could have raised in those PCRA petitions.   <u>Cristin v. Brennan</u>, 281 F.3d 404, 410 (3d Cir. 2002) ("Cristin failed to take a direct appeal from his conviction to the Superior Court. A prisoner who fails to take a direct appeal procedurally defaults the review of all federal claims in habeas corpus. *See Murray v. Carrier*, 477 U.S. 478, 491, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) ('Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and 'undercut[s] the State's ability to enforce its procedural

rules.'")); <u>Clay v. Sobina</u>, CIV. 06-861, 2007 WL 950384, at *8 (W.D. Pa. Mar. 26, 2007) ("Petitioner has procedurally defaulted all of his claims because he failed to file a direct appeal and he failed to timely file his PCRA petition.").

Accordingly, having procedurally defaulted both of his grounds for relief, and having failed to show cause and prejudice or actual innocence, Petitioner cannot merit federal habeas relief on the two grounds raised in the Petition.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by the Respondents, ECF No. 9 is granted and the Petition is dismissed as time-barred or as procedurally defaulted.  Moreover, because jurists of reason would not find the foregoing debatable, Certificate of Appealability is denied.   Accordingly, the following Order is entered.

ORDER

**AND NOW**, this 28th day of September 2020, the Respondents' Motion to Dismiss, ECF No. 9, is hereby **GRANTED**.   The Petition is **DISMISSED** as time-barred or as procedurally defaulted.   As reasonable jurists would not find the foregoing procedural disposition debatable, a certificate of appealability is **DENIED**.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:    DONALD SPRANKLE
        LK 3909
        SCI GREENE
        175 Progress Drive
        Waynesburg, Pa 15370

        All counsel of record via CM-ECF